IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00449-KDB-DCK

| | |
|---|---|
| JOHNATHAN HATCH,<br><br>    Plaintiff,<br><br>    v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.; POLICEREPORTS.US, LLC; LEXISNEXIS COPLOGIC SOLUTIONS, INC.; AND LEXISNEXIS CLAIMS SOLUTIONS, INC.,<br><br>    Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Leonard and Deloris Gaston's Motion to Intervene (Doc. No. 54). After careful consideration of the parties' briefs and supplemental communications with the Court, the Court finds that the motion is now moot in light of this Court's September 2, 2020 Order in *Gaston v. LexisNexis Risk Solutions, et al.*; Case Number 5:16-cv-00009 (the "Order"). In the Order, the Court certified a class under Federal Rule of Civil Procedure 23(b)(2) and denied certification of the Gastons' proposed classes under Rule 23(b)(1) and 23(b)(3).[1] The Order also appointed the Gastons class representatives and their counsel as class counsel. Plaintiff Hatch in this action is now a member of the certified class the Court found entitled to injunctive relief in *Gaston*.

---

[1] The class allegations in this action are in practical effect the same, particularly with respect to the subclass certified in *Gaston*.

1

Accordingly, it is unnecessary for the Gastons to intervene in this action to "protect" their class arguments, which the Court has already decided. Further, with respect to their concerns regarding settlement, the Gastons have recently represented to the Court that settlement discussions are ongoing in their action, in which, again, they and their counsel have been appointed to represent the only class that the Court has determined should be certified. To the extent that the Plaintiff in this action agrees to a settlement of his individual damages claim such a settlement should have no effect on the Gastons or the certified class. Finally, with respect to a potential stay of this action, that issue has not yet been presented to the Court by a proper motion from a party; therefore, it would be premature for the Court to address the merits of such a motion in advance of its filing.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Deloris and Leonard Gaston's Motion to Intervene (Doc. No. 54) is **DENIED as moot;**

2. A telephone status conference in this action shall be held at 10:00 a.m. on September 17, 2020 (Plaintiff's counsel in this case should join the status conference already scheduled for that time in *Gaston* so that the status conference in this case can efficiently proceed immediately following that conference).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 10, 2020

Kenneth D. Bell
United States District Judge