IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00449-KDB-DCK

| | |
|---|---|
| JOHNATHAN HATCH,<br><br>    Plaintiff,<br><br>    v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.; POLICEREPORTS.US, LLC; LEXISNEXIS COPLOGIC SOLUTIONS, INC.; AND LEXISNEXIS CLAIMS SOLUTIONS, INC.,<br><br>    Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Stay Case Pending Appeal of Related Action (Doc. No. 71). The Court has carefully considered this motion and the parties' briefs in support of and in opposition to the motion. For the reasons briefly discussed below, the Court will exercise its discretion to stay this action pending the appeal of the Court's Order on class certification and summary judgment in *Gaston v. LexisNexis Risk Solutions, et al.*; Case Number 5:16-cv-00009, a case which effectively raises the same issues presented in this action.

In a recent ruling, the Court explained that (1) in *Gaston* the Court certified a class under Federal Rule of Civil Procedure 23(b)(2) and denied certification of the Gastons' proposed classes under Rule 23(b)(1) and 23(b)(3); (2) the classes proposed in this case are generally the same as, or subsumed in, the proposed classes in *Gaston*; and (3) Hatch is already a member of the certified Subclass in *Gaston*, which has been awarded injunctive relief. *See* Doc. No. 70. In the wake of the filing of appeals from the Court's decisions in *Gaston* (now by both the Plaintiffs and Defendants),

1

Defendants ask the Court to stay this action pending those appeals. In support of that request, Defendants argue that the appeals in *Gaston* may be dispositive of both cases so a stay is appropriate to save time, effort and expense for the Parties and the Court. In opposition, while Plaintiff agrees that motion practice regarding class certification and dispositive motions should be stayed, he asks that discovery be allowed to continue so that he can "establish class-wide liability" and preserve evidence that may be lost pending appeal.

A District Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See*, *e.g., Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). And, the exercise of that discretion is particularly warranted when the same or very similar proceedings are pending in the same court and the resolution of the claims and issues in one case will, at a minimum, significantly impact the other case. *See, e.g., Brown-Thomas v. Hynie*, No. 1:18-cv-2191, 2019 U.S. Dist. LEXIS 34559, at *10 (D.S.C. Mar. 5, 2019) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F. 2d 857, 863–64 (9th Cir. 1979)) ("'A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'"); *Actelion Pharms. Ltd. v. Lee*, No. 1:15-cv-1266, 2016 U.S. Dist. LEXIS 5574, at *12–13 (E.D. Va. Jan. 13, 2016) (granting stay, finding that "[t]he two cases are very similar and present almost identical legal questions"). Such are the circumstances here.

As discussed above, this action presents, in nearly all respects, the same claims and issues presented in the *Gaston* case, which was filed years earlier and has now proceeded to final judgment on nearly all of the plaintiffs' claims. In effect, Plaintiff asks the Court to allow him to move forward with discovery in this action because he believes he can present a better case than

2

Case 3:19-cv-00449-KDB-DCK   Document 74   Filed 10/01/20   Page 2 of 3

the plaintiffs in *Gaston* on the same claims. However, whether or not that may ultimately be true (and that assertion is hotly contested by the *Gaston* plaintiffs), the Court finds that it would be most efficient for all involved to stay this action pending the decision of the Court of Appeals in *Gaston*, which will determine whether and under what circumstances the claims in this action need to go forward.[1]

Further, as to Plaintiff's unspecified concern that evidence may be lost during a stay pending the *Gaston* appeals, Plaintiff can, as Defendants suggest, move forward with subpoenas for third party evidence. Also, if there are specific circumstances that necessitate a partial lifting of the stay, Plaintiff can return to Court to seek that relief based on a particularized showing of good cause. In sum, the Court finds that it should exercise its discretion to stay this action pending the conclusion of the appeals in *Gaston*.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Stay (Doc. No. 71) is **GRANTED;** and
2. This case is hereby stayed pending the conclusion of the appeals of the Court's class certification and summary judgment rulings in *Gaston v. LexisNexis Risk Solutions, et al.*; Case Number 5:16-cv-00009.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 1, 2020

Kenneth D. Bell
United States District Judge

---

[1] For example, if the Court of Appeals finds that a Rule 23 (b)(3) class should have been certified in *Gaston* then the Plaintiff in this case will be a member of that class and it will be unnecessary for this case to proceed as either an individual or class action.